```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| KENNETH HAMMOND,    ) | CIVIL ACTION NO. 22-cv-30071 |
|                     ) |  |
|           Plaintiff ) |  |
|                     ) |  |
| v.                  ) | COMPLAINT AND JURY CLAIM |
|                     ) |  |
| SPRINGFIELD TERMINAL RAILWAY ) |  |
| COMPANY AND PAN AM RAILWAYS, ) |  |
| INC.                ) |  |
|           Defendant ) |  |

## INTRODUCTION

1. This is a negligence action brought by the plaintiff Kenneth Hammond against the defendant Springfield Terminal Railway Company ("STRC") and the defendant Pan Am Railways, Inc. ("Pan Am"), pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq ("FELA").

## PARTIES

2. The plaintiff Kenneth Hammond, at all times material to this complaint, resided in Northfield, Massachusetts. He was an employee of the defendants, as the term "employee" is defined in Title 45 U.S.C. § 51 et seq., and as such, was engaged by the defendants to perform duties in the furtherance of their business interests and the movement of

1

freight and/or passengers in interstate and foreign commerce.

3. The defendant STRC is and was at all times material to this complaint, a corporation organized, created, and existing under the laws of the State of Vermont. At all times material to this complaint, it was a common carrier in interstate transportation and commerce by railroad. STRC operated a railroad system and railroad yard within the jurisdiction of this Court and had a place of business in North Billerica, Massachusetts.

4. The defendant Pan Am is and was, at all times material to this complaint, a corporation organized and created and existing under the laws of the State of Delaware, and as such was a common carrier in interstate transportation and commerce by railroad. The defendant operated a railroad system and railroad yard within the jurisdiction of this Court and had a place of business in North Billerica, Massachusetts.

<u>JURISDICTION AND VENUE</u>

5. The Plaintiff brings this cause of action against the defendants pursuant to the Federal Employers Liability

Act, 45 U.S.C. § 56, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. The parties are citizens of different states. The amount in controversy, exclusive of interest, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

6. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 and the Federal Employers Liability Act 45 U.S.C. § 51, et seq.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this District, the plaintiff resides in this District, and the defendants have a principal place of business and/or do business in this District.

COUNT I

8. On June 28, 2019, and at all times hereinafter mentioned, the defendants employed the plaintiff, Kenneth Hammond, who was under their direction, supervision, and control, in furtherance of defendants' business in interstate commerce.

9. On June 28, 2019, and at all times hereinafter mentioned,

    the defendants maintained, operated in, and controlled an area near the Hoosac Tunnel, which contained defendants' tracks, rails, switches, sidings, roadbeds, and appurtenances thereto, over, through, and upon which the defendants operated engines, trains, and cars under its control and direction.

10. During all times herein mentioned, the defendants were and have been engaged in interstate commerce within the meaning of FELA by providing railroad transportation among multiple states.

11. On or about June 28, 2019, the plaintiff was employed by the defendants and engaged in his duties for the defendants.

12. As a result of the negligence of the defendants, their agents, servants, and employees, the plaintiff was injured on June 28, 2019.

13. The plaintiff sustained his injuries while working for the defendants near the Hoosac Tunnel in Florida, Massachusetts. While he was picking up debris from the track, he was struck in his back by a truck owned and operated by the defendants. The driver of the truck, Andrew Ackerman, was an employee of the defendants.  After striking Mr. Hammond, Mr. Ackerman

continued to back up, with Mr. Hammond caught underneath the truck, for approximately 20 feet. Mr. Ackerman violated a number of the defendants' safety rules, including but not limited to:

    A.    PGR-D    Employees must exercise care to prevent injury to themselves or others. They must be alert and attentive at all times when performing their duties and plan their work to avoid injury.

    B.    P332c    [Drivers must] Exercise care to prevent accident and injury to driver and others by observing all conditions.

    C.    P332j. [Drivers must] When possible, park vehicles in a manner that eliminates the later need for backing movements.

    D.    P332k. [Drivers must] Check around parked vehicles for obstructions or hazards before moving forward or backward.

    E.    [Driver must] When possible, have someone guide backing movements.

    F.    P351    Drivers must know there are not any obstructions before moving vehicle.

14. Mr. Ackerman's negligence included (1) backing up without making sure that no one was walking in back of him; (2) failing to ask another railroad employee to act as his lookout; and (3) failing to drive forward to turn around, rather than backing up.

15. In addition to Mr. Ackerman's negligence, for which STRC is

liable, STRC and/or Pan Am are also independently negligent. Mr. Ackerman's truck had a utility box behind the truck's rear window, which prevented the driver from turning his head and looking straight back. The only way for the operator to look behind the truck were by the use of two side mirrors. However, the sideview mirrors on Mr. Ackerman's truck were both (a) undersized and (b) improperly placed, i.e., flush to the truck and not set out from the truck. As a result, Mr. Ackerman's view of the area in back of the truck through the mirrors was virtually nonexistent.

16. In addition to the negligence described above, the defendants were negligent because (a) STRC employees failed to notify Mr. Ackerman by radio that Mr. Hammond was walking directly in back of his truck, (b) the defendants did not equip the truck with a backup camera, and (c) there was no flagman on duty when Mr. Ackerman backed up the truck.

17. The negligence of the defendants, its agents, servants and employees, includes without limitation: failure to provide a safe workplace; failure to provide appropriate equipment; failure to maintain its equipment in a safe condition; failure to adequately train and supervise its employees; and

failure to provide appropriate safety warnings to its employees.

18. As a result of the defendants' negligence, the plaintiff has undergone three years of medical treatment, has suffered permanent debilitative injuries, incurring medical expenses in excess of $200,000.  Prior to his injuries, the plaintiff was earning wages as an employee of the defendants and was also self-employed part-time.  Now, the plaintiff is incapacitated and prevented from engaging in his employment and will continue to be so incapacitated in the future.

WHEREFORE, the plaintiff demands judgment against the defendants in an amount, to be determined at trial, sufficient to compensate him fully for his injuries, plus interest, costs and such other relief as the court deems appropriate.

## JURY CLAIM

The plaintiff demands a trial by jury on all issues raised by this complaint.

                                                            Respectfully submitted,
                                                            The plaintiff,
                                                            By his attorney,

Dated: May 31, 2022

                                                            /s/ Michael Aleo
                                                            _____
                                                            Thomas Lesser, BBO No. 295000
                                                            Michael Aleo, BBO No. 672071
                                                            Lesser, Newman, Aleo & Nasser, LLP
                                                            39 Main Street
                                                           Northampton, MA 01060
                                                           413-584-7331 (tel.)
                                                           413-586-7076 (fax)
                                                           Lesser@Lnn-Law.com
                                                           Aleo@Lnn-Law.com