UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH HAMMOND<br><br>    Plaintiff,<br><br>    v.<br><br>SPRINGFIELD TERMINAL RAILWAY COMPANY and PAN AM RAILWAYS, INC.,<br><br>    Defendants | Civil Action No. 22-30071-MGM |

TRIAL PROCEDURAL ORDER
April 10, 2025

MASTROIANNI, U.S.D.J.

    Trial for this matter is scheduled to begin on **July 21, 2025**, at **9:00 AM** in Hampden Courtroom, U.S. District Court, 300 State Street, Springfield, Massachusetts. Jury selection will begin on that day and continue until a jury has been selected. Trial will begin as soon as jury selection is completed. Upon review of the court's calendar, there are currently no September trial dates available in the event the parties seek a continuance based on alternative dispute resolution efforts.

    A pretrial conference will be held remotely on **July 8, 2025**, at **11:00 AM** and will include a hearing on any pending motions in limine.

1. Motions in Limine:

    By **June 17, 2025**, the parties shall file any motions in limine. Motions in limine filed by a party shall be numbered and filed together in one document that (1) includes a cover page containing the case caption and title "[Party Name's] Motions in Limine," (2) includes a table of contents listing each motion in limine and the page on which it begins, and (3) does not exceed 20 pages, not including the cover page and table of contents.

    By **July 24, 2025**, the parties shall file their oppositions to the motions in limine. A party's oppositions shall be filed in one document and numbered consistently with the motions being opposed.

2. Pretrial Memorandum:
    By **July 3, 2025**, the parties shall file a **JOINT** pretrial memorandum. Prior to filing the pretrial memorandum, the parties, though counsel if applicable, shall meet and confer consistent with

the provisions of Local Rule 16.5 and Fed. R. Civ. P. 26(a)(3). The joint pretrial memorandum should set forth information required by Local Rule 16.5(d), including:
   a) the probable length of the trial;
   b) a concise statement of the case, to be given to the panel before voir dire;
   c) a concise statement of the applicable law, to be given to the jury before opening statements;
   d) a concise summary of evidence that will be offered by each party;
   e) the facts established by pleadings, stipulation, or admission;
   f) objections to evidence under Fed. R. Civ. P. 26(3)(B);
   g) a statement identifying any evidentiary issues which, if raised during the trial, would likely delay the trial by fifteen minutes or longer.

3. Exhibit and Witness Lists:

   By **July 11, 2025**, the parties shall each file final exhibit and witness lists using Forms AO 187 and AO 187A, which can be found at https://www.uscourts.gov/forms-rules/forms. The parties should identify their witnesses by name and by the witness's city and state of residence, employer, or other identifying information to help potential jurors recognize a possible conflict.

   Any questions concerning the pre-marking of exhibits or the completion of the exhibit and witness lists should be directed to the courtroom clerk.

   Prior to the start of closing arguments, the parties must submit to the courtroom clerk all admitted exhibits in a format appropriate for uploading to the juror exhibit system JERS.

4. Proposed Voir Dire Questions:

   By **July 11, 2025**, the parties shall each file proposed voir dire questions for the court to ask the venire in addition to the court's standard voir dire questions, which are attached. *See* Ex. A; *infra* ¶ 10 regarding voir dire procedure.

5. Proposed Jury Instructions and Verdict Form:
   a) By **July 11, 2025**, the parties shall file a **JOINT** draft version of the final <u>substantive</u> jury instructions to be given at the close of the case, that sets out the instructions upon which the parties agree and each party's alternative instructions where there is disagreement. Each disputed instruction should be followed by a brief statement of the opposing side's objection with supporting legal authority. <u>In order to produce the joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions.</u> If either party feels further briefing is necessary with respect to one or more areas of dispute, the party may also supplement the joint filing with a memorandum not to exceed five pages. The court will allow parties to file updated proposed instructions should the need arise as trial proceeds.

   The final <u>general</u> jury instructions that the court intends to give are attached. *See* Ex. B. The parties should not submit a full proposal on general instructions, but instead may propose specific changes or additions to the court's general instructions.

  b) By **July 11, 2025**, each party shall file proposed verdict forms. The court will allow parties to file updated proposed verdict forms should the need arise as trial proceeds.

6. Trial is expected to proceed from 9:00 a.m. to approximately 4:30 p.m. daily, with a morning break at approximately 11:00 a.m. and a lunch break at approximately 1:00 p.m.

7. Plaintiff's counsel will be located at the table closest to the jury box, and Defendants' counsel will be located at the opposite table.

8. A total of nine jurors will be impaneled, with no alternates. Fed. R. Civ. P. 48(a).

9. The jury will be required to render a unanimous verdict (unless the parties jointly agree otherwise). Fed. R. Civ. P. 48(b).

10. The court will conduct voir dire of potential jurors in two phases. First the court will read questions to the entire jury pool and potential jurors will record "yes" or "no" answers to each question on a printed questionnaire. Second, during individual voir dire, the court will ask about any "yes" answers and attorneys will be permitted to ask follow-up questions. Any for-cause challenge to a potential juror must be made at the end of the individual voir dire of that potential juror. Peremptory challenges will be exercised after fifteen potential jurors have survived for-cause challenges.

11. Plaintiff will receive three peremptory challenges, and Defendants will receive three peremptory challenges. The order for challenges will be Plaintiff, Defendants, Defendants, Plaintiff, Plaintiff, and Defendants. If a party chooses not to exercise a peremptory on a particular turn, additional turns will be provided until each party has had an opportunity to exercise all peremptory challenges.

12. Opening statements shall not exceed twenty minutes for each side and closing statements shall not exceed thirty minutes for each side. A party may request the court to consider allocating additional time by way of a pre-trial motion in limine. The order for opening statements will be Plaintiff then Defendants, and the order for closing statements will be Defendants then Plaintiff.

             /s/ Mark G. Mastroianni
             MARK G. MASTROIANNI
             United States District Judge